UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**TRAYON WHITE, SR.**<br><br>**Defendant.** | Case No. 24-CR-406 (RC) |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS**
**OMNIBUS MOTIONS *IN LIMINE***

The United States of America respectfully submits this Reply in support of the government's Omnibus Motion *in Limine*, ECF No. 24 ("Gov. Mot."). In the motion, the government asked the Court to: (A) preclude Mr. White from presenting jury nullification arguments to the jury; (B) preclude Mr. White from presenting selective prosecution arguments to the jury; (C) preclude Mr. White from referring to punishment or other consequences; (D) preclude Mr. White from offering evidence of prior good conduct; (E) preclude the use of self-serving hearsay; (F) limit cross-examination of CHS-1 and exclude evidence of CHS-1's irrelevant criminal cases; (G) preclude Mr. White from presenting an entrapment defense; (H) preclude Mr. White from impeaching witnesses with interview reports; and (I) allow the case agent to sit at counsel table during the trial. In its opposition, the defense indicates that it does not oppose the case agent sitting at counsel table. *See* Def. Opp. at 1 n.1. Additionally, the defense position on interview reports appears consistent with the position of the government.[1] Def. Opp. at 4. As to

---

[1] The government agrees that the defense is free to ask witness about the contents of a report. However, the defense should not publish the contents of the interview reports to the jury, or otherwise suggesting to the jury that a report is a statement of the witness, absent some sort of adoption of the statement, which is not applicable to any witness in this case.

the other requests, the defense made arguments to why those requests should be denied. The government addresses those arguments in turn.

## ARGUMENT

### I. The Government's Requests are not Premature

As to the government's requests to preclude arguments encouraging jury nullification, referencing punishment, or suggesting selective prosecution, the defense argues such a request is premature. *See* Def. Opp. at 1-2. Similarly, the defense argues that the government's requests for orders precluding evidence of Mr. White's prior conduct or self-serving hearsay are speculative and should be denied. *See* Def. Opp. at 2. The defense does not contest—nor could they—that such argument or introduction of such evidence would be improper. Instead, the defense asks the Court to deny the motion, stating the government should object if these issues arise at trial. However, at that point, it is too late. "If you throw a skunk into the jury box, you can't instruct the jury not to smell it." *Dunn v. United States*, 307 F.2d 883, 886 (5th Cir. 1962). Arguments encouraging jury nullification, referencing punishment, or suggesting selective prosecution are clearly objectionable. And evidence of Mr. White's prior good conduct or self-serving hearsay are clearly inadmissible. It is not difficult to see how these issues may arise, especially considering this case's notoriety and the defendant's public statements on the case. The Court should enter an order precluding these arguments or evidence.

### II. The Defendant Misunderstands Rule 608 And None of the Material in Sealed Exhibit 4 Bear on CHS-1's Credibility

In its motion, the government asks the Court to limit cross examination into CHS-1's prior or active criminal and civil cases. The defense calls such a request "egregious." Yet, the defendant does not make any argument as to how any of the incidents identified in Sealed Exhibit 4 are probative of the character for truthfulness or untruthfulness, as is required to permit inquiry under

Rule 608. The Court has broad discretion to "impose reasonable limits on cross-examination" motivated by "concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). The Court may rule on motions to preclude certain cross-examination in advance of trial. *See United States v. Watson*, 409 F.3d 458, 465 (D.C. Cir 2005). The District of Columbia Circuit has repeatedly upheld district courts' exercise of discretion in imposing reasonable limits on the subjects that may be inquired into on cross-examination. *See, e.g.*, *United States v. Wheeler*, 753 F.3d 200, 204 (D.C. Cir. 2014); *United States v. Lin*, 101 F.3d 760, 763-764 (D.C. Cir. 1996); *United States v. Derr*, 990 F.2d 1330, 1333-34 (D.C. Cir. 1993). Here, should the defense wish to inquire into the incidents referenced in Sealed Exhibit 4, they need to at least proffer how those events bear on CHS-1's credibility. None of the instances referenced, were they criminal convictions, would fit within the ambit of Rule 609. Were the shoe on the other foot, the defense would not accept being forced to wait until the government began to question a defendant about irrelevant arrests and/or convictions in front of the jury before they could object and have the Court rule on their admissibility.

Moreover, the defense's claim that it "may . . . introduce any extrinsic evidence relevant to CHS-1's character for truthfulness or untruthfulness" is a plain misstatement of the law. Def. Mot. at 3. "The Federal Rules of Evidence expressly prohibit the use of 'extrinsic evidence' of a witness' conduct (except for certain types of criminal convictions) to impeach the witness." Yes, the defense may ask questions about specific instances of conduct, *if the conduct is "probative of truthfulness or untruthfulness.*" *See* Fed. R. Evid. 608(b). But because "Fed .R. Evid. 608(b) prohibits extrinsic evidence on cross-examination[, the] crossexaminer is 'stuck with whatever response' the witness gives." *United States v. Whitmore*, 359 F.3d 609, 622 (D.C. Cir. 2004) (quoting *United States v.*

*Brooke*, 4 F.3d 1480, 1484 (9th Cir.1993)). Here, none of the incidents or disputes referenced in Sealed Exhibit 4 are probative of CHS-1's character for truthfulness or untruthfulness. The Court should limit cross-examination, as requested.

### III. The Court Should Preclude an Entrapment Defense

The defense responds to the government's argument with respect to entrapment, not by proffering any evidence or theory of inducement. Instead, the defense argues that the government's request should not be decided on a motion *in limine*. "As a practical matter, entrapment is now regularly litigated as it [is] here: before trial, on the government's motion *in limine* to preclude the defense." *United States v. Mayfield*, 771 F.3d 417, 440 (7th Cir. 2014). "Entrapment is usually an issue for a jury, but it can be addressed as a matter of law before trial if the defendant is unable to provide sufficient evidence that a rational jury could infer that the defendant had been entrapped." *United States v. Plowman*, 700 F.3d 1052, 1057 (7th Cir. 2012). Here, the defense proffers no evidence of inducement or a lack of predisposition. The Court should grant the government's motion for this reason alone. *See United States v. Forbes*, 2023 WL 6294745, at *4 (S.D. Fl. Sept. 27, 2023); *United States v. Young*, 2018 WL 8949445, at *4 (N.D. Ga. Apr. 17, 2018). And unlike a typical case, this Court has the benefit of being able to observe the videos of the bribe payments in advance of trial. The Court is thus in a unique position to be able to rule at this stage. At the very least, recognizing that evidence could develop at trial, the Court should rule that entrapment may not be raised until such a defense is supported. *See United States v. Blassingame*, 197 F.3d 271, 280 (7th Cir. 1999) (affirming the trial court's ruling that "entrapment could not be argued to the jury until and unless, as a prerequisite, a proffer or showing of sufficient evidence was made"). A layperson's conception of entrapment and what it means for the FBI to "set [the defendant] up" almost certainly differs from the exacting legal requirements of inducement and lack of

predisposition. The parties appear to be in agreement that if the defendant argued entrapment to the jury but failed to meet his burden of production, the jury would not receive an instruction on entrapment. *See* Def. Mot. at 5. However, "because the Court cannot 'unring a bell' there would be a substantial danger the jurors would be bewildered why Defendant argued entrapment, and they would have no legal guidance on the issue." Young, 2018 WL 8949445, at *3. The Court should grant the government's motion or at least require a proffer or evidentiary showing of entrapment before the issue is raised before the jury.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Government's motion.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Joshua Gold*
Joshua Gold
Tx Bar No. 24103101
Rebecca G. Ross
N.Y. Bar No. 5590666
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20539
(202)815-8965
Joshua.Gold@usdoj.gov