## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:24-cr-00406-RC |
| | ) | |
| Plaintiff, | ) | JUDGE RUDOLPH CONTRERAS |
| | ) | |
| vs. | ) | |
| | ) | |
| TRAYON WHITE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

MOTION IN LIMINE BY TRAYON WHITE
TO PRECLUDE THE GOVERNMENT'S USE OF EVIDENCE OF GAMBLING AND
GAMBLING-RELATED ACTIVITES AT TRIAL

Defendant Trayon White, through undersigned counsel appearing *pro hac vice*, respectfully files this Motion In Limine To Preclude the Government's Use of Evidence of Gambling and Gambling-Related Activities At Trial, as non-probative and unduly prejudicial, and thereby inadmissible under Federal Rules of Evidence 403 and 404.

### INTRODUCTION

The Government, after directing an informant to hand Mr. White tens of thousands of dollars in unsolicited cash as a supposed bribe, has tracked Mr. White's perfectly legal gambling activities and other behavior at a local casino, and now has stated its intent to use this as supposed "intrinsic" evidence of Mr. White's bribery scheme as alleged in the single-count Indictment charging Mr. White with violating the federal bribery statute at 18 U.S.C. § 201. However, the discovery and communications with the prosecution team, discussed below, make clear that there is absolutely no relevant factual connection between Mr. White's charged conduct and his contemporaneous gambling activities, beyond the Government's mere speculation about his intent. This evidence also poses the undue risk of suggesting funding from

other illegal sources that the Government cannot prove and has not even charged, and would confuse the jury. Finally, the gambling evidence plays prejudicially on class stereotypes and other prejudicial preconceptions.  For all of these reasons, this evidence must be excluded under Federal Rules of Evidence 403 and 404.

<u>STATEMENT OF FACTS</u>

In this case charging Mr. White with a single count of violating the federal bribery statute at 18 U.S.C. § 201, by accepting cash in exchange for his official acts as the Councilmember for District of Columbia Ward 8, between June 26, 2024 and August 18, 2024, **no gambling allegations appear** in the 30-page speaking Indictment.

The Government's main witness is a longtime friend known in this case as Confidential Human Source 1 ("CHS 1"), who delivered to Mr. White all of the money at issue in the case.  In discovery that the Government provided to the defense, CHS 1 denied being a source for Mr. White's gambling stakes: "[CHS 1] has seen WHITE at the MGM casino in Maryland, but has never given WHITE casino chips . . . . [CHS 1] has never seen individuals give WHITE money to gamble."

Nonetheless, in its ninth production to Mr. White's defense counsel, the Government produced a trove of evidence it had gathered about Mr. White's post-sting payment gambling at the Maryland casino.  Also included in the evidence was an account of an argument Mr. White had, and his expulsion from the casino.

Asked by the defense in December 2025 whether it intended to try to introduce Mr. White's gambling as evidence of "other acts" under Rule 404(b), the Government said it did not and had chosen not to file a notice about it under Rule 404(b)(2)(A).  However, the Government

took the position that the gambling evidence was "intrinsic" to its bribery case, and so it would not need to argue for its admission under Rule 404(b).

The Government has subsequently admitted in January 2026 that it has no proof such as from serial numbers demonstrating that Mr. White used any of the cash received from CHS 1 at the casino to gamble. All of the cash that the FBI provided to CHS 1 to deliver to Mr. White was first painstakingly photographed, bill by bill, giving them the ability to trace the bills later.

ARGUMENT

Gambling evidence, highly prejudicial especially when it comes to an elected official, is also irrelevant and therefore is admissible in Mr. White's case, under both Federal Rules of Evidence 403 and 404.

I.  The Evidence of Gambling and Gambling-Related Behavior Is Inadmissible As Far More Prejudicial Than Probative Under Rule 403

As far as the defense can tell, the Government believes that Mr. White's gambling is relevant to his alleged desire to seek bribes from CHS 1. This evidence, however, fails the test of Federal Rule of Evidence 403 by creating an unduly prejudicial sideshow without sufficient probative value.

Under that rule, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403. This Court "has the responsibility for seeing that the sideshow does not take over the circus." C. McCormick, Handbook of the Law of Evidence sec. 49, at 81 (2d Ed. 1972); *see also United States v. Loza,* 764 F.Supp.2d 55, 58-59 (D.D.C. 2011) (J.

Friedman) (finding probative value of evidence offered under Rule 404(b) outweighed by other factors under Rule 403).

Courts in various criminal cases have found a defendant's gambling activities to be insufficiently probative, and the topic unduly prejudicial, requiring this kind of evidence to be excluded under Rule 403. *See, e.g., United States v. Cooper*, 286 F. Supp. 2d 1283, 1290-91(D. Kan. 2003) (excluding evidence as to defendants' expenditures on strip clubs, gambling and plastic surgery, expenses that are not illegal or dishonest in themselves, and that are not relevant in proving motive or intent, the unfair prejudice of these lifestyle choices outweighing any potential probative value); *United States v. Jerra*, 06-50081, 2007 WL 580099 *1 (9th Cir. Feb. 16, 2007) (under Rule 403, district court abused its discretion in permitting testimony that Jerra had a temper and a gambling habit, which was evidence of Jerra's bad character, and whatever probative value it had was substantially outweighed by the risk of prejudice it posed); *see also United States v. Swan*, 250 F.3d 495, 501(7th Cir. 2001) (references to Swan's gambling were gratuitous, and none of Swan's fraudulent activity was inextricably related to his gambling, thus was "probably error" under Rule 403, though it was harmless error); *United States v. Provenzano*, 620 F.2d 985, 994-95 (3d Cir. 1980) (evidence of gambling was clearly irrelevant for any purpose, though judge's instruction to jury fixed the error); *but see United States v. Abdelhaq*, 246 F.3d 990, 993 (7th Cir. 2001) (evidence of gambling was probative of motive to commit crime and not unduly prejudicial).

As the court in *Cooper* said:  "The problem with a general rule of permitting evidence of an affluent lifestyle to show 'motive' for committing a crime is that it ignores the real possibility that the extreme or extravagant wealth or spending was made possible by legitimate means and, if so, the introduction of such evidence would appeal solely to class prejudice." *Cooper,* 286 F.

Supp. 2d at 1291. "It also presents a serious potential for inflaming moral prejudice against the defendants for spending money on gambling and strip clubs." *Id.* Similarly, the Seventh Circuit in *Swan* reasoned in finding probable error under Rule 403 that: "Most people want money for a variety of reasons," and "the fact that Swan gambled did little to explain why he wanted to steal money." *Swan*, 250 F.3d at 501.

Here, the relevance of the gambling evidence is little or none. CHS 1 does not say, and indeed denies, that he gave chips or anyone gave money to Mr. White to gamble. Mr. White, a senior elected official in the nation's capital since 2016, could have derived the funds he gambled from any number of legitimate sources, and the Government in this case has failed to trace to Mr. White's gambling the recorded serial numbers on the cash its informant delivered to Mr. White. Nor is there any relevance to an argument Mr. White had at the casino, or to his expulsion from the casino.

On the other hand, all this evidence might strike some jurors as morally distasteful and not up to their standards for their elected public officials. The fact that he is an elected official makes him more susceptible to prejudice. Or the evidence could suggest some hidden source of illicit funds from corrupt practices that the Government cannot prove and has not charged. In either case, the evidence is unduly prejudicial. This is a circus act, which the Government cannot claim it really needs given the recorded evidence of allegedly corrupt conduct.

II.    Mr. White's Gambling and Related Evidence Is Inadmissible Under Rule 404

The Government's characterization of the gambling evidence as "intrinsic" to its case is also incorrect, and the evidence is transparently either inadmissible character evidence or inadmissible "other act" evidence that the Government has decided not to notice as such.

Under Rule 404(a)(1), "evidence of a person's character or character trait" is inadmissible when offered against the opposing party. Under Rule 404(b): "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character . . . .This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  A party must give reasonable advance notice of its intent to use such evidence at a trial.  Rule 404(b)(2)(A), (B).

Again, this gambling evidence appears to be an impermissible character attack.

Moreover, the gambling cannot be "intrinsic" to the Government's case, and thus avoid the prohibition and regulation of Rule 404(b), because the speaking Indictment contains no mention or allusion to it, and the Government cannot trace gambling monies to the sting funds.

Had the Government wanted to use gambling as probative of motive, it could have noticed the defense of using it as "other act" evidence for that purpose but did not.  In any event, even if the Government had done so, the evidence would still be inadmissible under Rule 403 as argued above.

<u>CONCLUSION</u>

WHEREFORE, the defendant respectfully requests that his motion in limine to preclude the Govermment's use of evidence of his gambling and related activities be GRANTED.


Dated:  January 22, 2026                    Respectfully submitted,

                                            */s/   Warren Gary Kohlman*
                                            Warren Gary Kohlman* (DC #177527)
                                            1845 R Street Northwest
                                            Washington, DC 20009

202-497-4468
Email: gwkohlman@gmail.com
*Pro hac vice*

*Counsel For Defendant Trayon White, Sr.*

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January 2026, this MOTION IN LIMINE BY

TRAYON WHITE TO PRECLUDE THE GOVERNMENT'S  USE OF EVIDENCE OF

GAMBLING AND GAMBLING-RELATED ACTIVIITES AT TRIAL was served via

electronic mail on chambers, counsel of record and unrepresented defendants, by ECF/CM filing.


Respectfully submitted,


/s/ *Warren Gary Kohlman*

*Counsel For Defendant Trayon White, Sr.*