UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.:  24-CR-406 (RC) |
| | : | |
| TRAYON WHITE, Sr. | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE TRIAL

The United States, hereby, opposes the defendant's motion to continue trial.  ECF # 45.

**I.      Procedural Posture**

On August 18, 2024, the defendant was arrested on a complaint, and he made his initial appearance on August 19, 2024.  The grand jury returned an indictment on September 5, 2024, charging the defendant with one count of bribery in violation of 18 U.S.C. § 201.  The defendant was arraigned on the indictment on September 12, 2024.

**II.     Trial should not be postponed again.**

The government has consistently sought to bring this case to trial over defense objects and delays.  The defendant has again asked that his trial be postponed.  But, there is no basis for his latest request.

In October 2024, the government requested that the Court schedule this matter for trial in July 2025. ECF # 18.  The defendant's then-counsel, citing work and personal conflicts, opposed that date and requested a trial in January 2026.  Tran. 11/13/24, at 3-5.  The Court granted the defense request and scheduled trial for January 12, 2026.  Min. Entry Nov. 11, 2024.

Subsequently, on October 22, 2025, the defendant changed his representation – for the second time during the course of this matter. Defendant's new counsel asked to postpone the trial. Over the government's objection, the Court granted the defendant's request and rescheduled trial for March 24, 2026. Min. Entry Oct. 22, 2025. As presently scheduled, trial will begin approximately 20 months after the defendant was charged.

The defendant has again requested that his trial be postponed. As a basis for his request, defendant claims that his trial preparation has been hampered by allegedly late, voluminous government productions. His claim is baseless.

The recent government productions have, in fact, been quite limited and were produced in a timely manner. On January 21-22, 2026, the government produced the following: (1) draft transcripts of the defendant's meetings with the cooperating witness;[1] (2) five not-previously-produced law enforcement reports totaling 6 pages[2]; and (3) certain contents from the cooperating witness's telephone (69 pages of text messages and call logs).[3] These modest productions are not a basis to postpone the trial yet again.

---

[1]   The government provided the *draft* transcripts to the defense as an accommodation. We note that the defense has had the actual recordings since at least October 2024.

[2]   These reports were drafted between January 15 and 20, 2026. At the defense's request, the government also produced other previously produced reports. For example, at the defense's request, the government compiled a comprehensive set of reports related to a cooperating witness – all of which had been previously produced. Similarly, the government has collated and reproduced other items at the defense's request and provided guidance regarding navigation of the data base of previously produced materials in order to assist the defense's preparation in this matter.

[3]   The cooperating witness's personnel telephone was imaged when, during trial preparation, the government discovered that certain relevant messages were missing from the extraction of the defendant's telephone. The cooperating witness's telephone was processed in an effort to obtain the missing messages. (The cooperating witness had previously provided to the government screen shots of the messages at issue, but the government deemed it appropriate to obtain the messages directly from the cooperating witness's telephone.) The 441-page report referenced by the defendant appears to be the CART report for the extraction of the cooperating witness's telephone. It contains technical details regarding the processing of the telephone – but nothing of substance.

The defendant has no valid reason to postpone his trial, and it is in the public's and the government's interest that this matter go to trial as scheduled. Accordingly, the defendant's latest request to postpone his trial should be denied.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*John Crabb Jr.*
John Crabb Jr.
N.Y. Bar No. 2367670
Rebecca G. Ross
N.Y. Bar No. 5590666
601 D Street, N.W.
Washington, D.C. 20530
john.d.crabb@usdoj.gov
(202) 252-1794