**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No.: 24-406 (RC) |
| v. | : | |
| | : | Re Document Nos.: 24, 25, 29, 38, |
| TRAYON WHITE, SR., | : | 39, 40, 41, 42, 44 |
| | : | |
| Defendant. | : | |

# ORDER

## RESOLVING THE PARTIES' PRETRIAL MOTIONS

For the reasons stated in the Court's Memorandum Opinion separately and contemporaneously issued, the Government's Omnibus Motions *in Limine* (ECF No. 24) are **GRANTED in part and DENIED in part**; the Government's Motion for Leave to File Under Seal (ECF No. 25) is **GRANTED**; the Government's Unopposed Motions *in Limine* to Authenticate Certain Evidence (ECF Nos. 29, 38) are **GRANTED**; Defendant's Motions to Dismiss the Indictment (ECF Nos. 39, 40, 44) are **DENIED**; and Defendants' Motions *in Limine* (ECF Nos. 41, 42) are **DENIED**. It is hereby

**ORDERED** that Defendant is precluded from making arguments or introducing evidence related to jury nullification, selective prosecution, or the punishment or consequences of the verdict; and it is

**FURTHER ORDERED** that, if Defendant would like to introduce evidence of his prior good conduct, he must specify what pertinent trait that witness would testify about in the Joint Pretrial Statement; and it is

**FURTHER ORDERED** that Defendant is generally prohibited from introducing self-serving hearsay statements, subject to any necessary fact-specific Court determinations that arise during trial related to any exceptions to the rule against hearsay; and it is

**FURTHER ORDERED** that, if Defendant intends to cross-examine CHS-1 with inquiry into conduct related to his criminal and civil cases outlined in Sealed Exhibit 4 to explore CHS-1's character for truthfulness or untruthfulness, Defendant must first proffer a reason why the conduct is probative of CHS-1's character for truthfulness or untruthfulness in the Joint Pretrial Statement; and it is

**FURTHER ORDERED** that, if Defendant intends to cross-examine CHS-1 or introduce extrinsic evidence regarding conduct related to his criminal and civil cases outlined in Sealed Exhibit 4 for reasons other than CHS-1's character for truthfulness or untruthfulness, Defendant must first proffer the purpose of the inquiry or evidence as well as a reason it is probative of that purpose in the Joint Pretrial Statement—unless the basis for admissibility only arises during the trial, such as contradiction of a prior statement made only during trial, in which case a proffer of admissibility must be made outside the presence of the jury; and it is

**FURTHER ORDERED** that the Government's Sealed Exhibit 4 (ECF No. 25-1) shall be filed and maintained under seal; and it is

**FURTHER ORDERED** that FBI witness reports will not be admitted to impeach witnesses who did not draft the reports but the agents who drafted them will be available to testify if necessary; and it is

**FURTHER ORDERED** that the Government's case agent who will testify may be present in the courtroom throughout the trial consistent with Fed. R. Evid. 615; and it is

**FURTHER ORDERED** that the business records and cellphone data discussed in the Government's Motion *in Limine* to Admit Certain Evidence (ECF No. 29) and Supplemental Motion *in Limine* to Admit Certain Evidence (ECF No. 38) are deemed self-authenticating under Federal Rule of Evidence 902; and it is

**FURTHER ORDERED** that the Government shall provide notice of any evidence of other crimes, wrongs, or acts it intends to introduce at trial on or before **July 27, 2026**. *See* Fed. R. Evid. 403(b)(3).

**SO ORDERED**.

Dated: May 15, 2026

RUDOLPH CONTRERAS
United States District Judge