**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:24-cr-00406-RC |
| | ) | |
| Plaintiff, | ) | JUDGE RUDOLPH CONTRERAS |
| | ) | |
| vs. | ) | |
| | ) | |
| TRAYON WHITE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TRAYON WHITE'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO DEFENDANT'S SPECIAL VERDICT FORM**

| **GOVERNMENT OBJECTION (ECF 75-6, at p. 8.)** | **MR. WHITE'S RESPONSE** |
|---|---|
| "The government objects to the defense's proposed verdict form. On two grounds. First, Special Verdict Forms are disfavored. See, e.g., United States v. Concepcion, 139 F.4th 242, 252 (2d Cir. 2025) (citation omitted) ("we have emphasized "the criminal law's historical preference for general verdicts" and "traditional distaste for special interrogatories." And while the Supreme Court has stopped short of holding "that special verdicts in criminal cases are never | This case presents the unusual circumstance where it is a general verdict form that would be "more productive of confusion." Mr. White hereby incorporates by reference his contemporaneously-filed response to the Government's objection to a special unanimity instruction for Count One, citing case law. In order to follow the appropriate jury instruction to reach a unanimous verdict about the existence of a defined bribe scheme and at least one payment or other act in |

appropriate," it has "call[ed] for caution" in "the absence of a Criminal Rule authorizing special verdicts"); United States v. Stegmeier, 701 F.3d 574, 581 (8th Cir. 2012) ("The use of a special verdict form is generally disfavored in criminal cases." ); United States v. Blackwell, 459 F.3d 739, 766 (6th Cir. 2006) ("'In general, special verdicts are not favored [in criminal cases] and 'may in fact be more productive of confusion than of clarity.'"); United States v. Desmond, 670 F.2d 414, 416 (3d Cir. 1982) ("Some of the antipathy toward special verdicts in criminal trials has its roots in the doctrine of 'jury nullification'"). While the D.C. Circuit disfavors special verdict forms "from a concern 'that the jury [will be] led to its conclusion [b]y a progression of questions each of which seems to require an answer unfavorable to the defendant,'" United States v. Spann, 997 F.2d 1513, 1515 (D.C. Cir. 1993), the above-cited reasons for disfavor are equally applicable. See, e.g, Blackwell,

furtherance of it, the jury would have to create something like this special verdict form if the Court did not supply it first. As shown by the speaking Indictment, Count One consists of four incidents, with three very different purposes alleged for the payments, and within one of those purposes (violation of official duty), there are several different D.C. ethics code violations alleged. This is like the jury opening Count One to find nested there a series of triplet and quadruplet Russian *matryoshka* dolls, and then asking them to keep track in their heads their unanimous fact-finding as to what is inside after opening them all. Once in a blue moon, a special verdict form is needed, and this is indeed such a lunar event of the Government's own making.

| | |
|---|---|
| 459 F.3d at 766–67 ("While we question the applicability of a rationale against special verdicts to protect defendants in cases where the defendant requests the special verdict, we also recognize that there is no real reason, and no case law support, for abandoning the general rule in this case."). Second, as set forth in the government's objections to the defense's bribery jury instruction, unanimity is not required regarding either the payments or the means of committing bribery. Accordingly, the defense's special verdict form is inconsistent with the law of bribery." | |

Dated: August 17, 2026

Respectfully submitted,

*/s/ Warren Gary Kohlman*
Warren Gary Kohlman* (DC #177527)
1845 R Street Northwest
Washington, DC 20009
202-497-4468
Email: gwkohlman@gmail.com

*Counsel For Defendant Trayon White, Sr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of August, 2026, true and genuine copies of **DEFENDANT WHITE'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO DEFENDANT'S SPECIAL VERDICT FORM** were served on all counsel of record for the Government by ECF filing.

*/s/ W. Gary Kohlman*