**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:24-cr-00406-RC |
| | ) | |
| Plaintiff, | ) | JUDGE RUDOLPH CONTRERAS |
| | ) | |
| vs. | ) | |
| | ) | |
| TRAYON WHITE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TRAYON WHITE'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO DEFENDANT'S JURY QUESTIONNAIRE**

| GOVERNMENT OBJECTIONS (ECF 75-3, at p. 89) | MR. WHITE'S RESPONSE |
|---|---|
| "The Government objects to the Defendant's addition of questions 127 and 128, which use language to insinuate to the jury that this is a case of selective prosecution, which this Court has already precluded. ECF # 65, Mem. Op., at 20. The questions further insinuate that the Defendant was somehow entrapped by the Government, which as discussed below, is also improper." | Both questions are appropriate. Addressing proposed question 127 first, it would not be surprising if one or more individuals in the panel had a belief that the government wouldn't undergo a sting operation of a politician unless the politician had committed a crime.<br><br>Question 128 is designed to probe similar prejudices. We are not claiming that this is a selective prosecution case. At the same time, we are entitled to a jury that will not assume |

| | |
|---|---|
| | that the government is always correct when it decides to do a sting operation on a local politician. |
| "The Government objects to the Defendant's addition of question 134. It injects the entrapment defense into the case, which is impermissible. See generally ECF # 24, Gov. Mot., at 10-17, ECF # 65, Mem. Op., at 26-30. It is improper to present an entrapment defense to the jury until the Defendant has made "a sufficient showing or proffer of entrapment." See United States v. Blassingame, 197 F.3d 271, 280 (7th Cir. 1999) (upholding the decision to exclude the entrapment defense until defendant "made a made a sufficient showing or proffer of entrapment."); see also ECF # 65, Mem. Op., at 28." | The defendant has an absolute right to explore in voir dire whether potential jurors harbor prejudices that would affect their ability to be fair and impartial. Several components of the criminal justice process, including defenses like self-defense, insanity or entrapment are controversial in the community. Voir dire, including a jury questionnaire, is the time to explore those possible prejudices.<br><br>In this case, it is known to all that the defense is seriously considering asking for an entrapment instruction at the conclusion of all the evidence. It would be the height of irresponsibility for the defense to not explore in voir dire the panel's reaction to that defense.<br><br>The Government's concerns are ill-founded. If the instruction on entrapment is given, the issue is moot. If the defense elects not to |

| | |
|---|---|
| | request the instruction, or the Court rules that there is no basis for the instruction, then a simple curative instruction will suffice. In virtually all criminal cases curative instructions are given by the court instructing the jury to disregard testimony or some other event that the court has ruled was out-of-bounds. The criminal justice system relies on a belief that jurors adhere to curative instructions. See Darden v. Wainwright, 477 U.S. 168 (1986) (referring several times to curative instructions while affirming the conviction in a capital murder case). There is no reason to jettison that belief now, particularly when the alternative is to have Councilman White assert a defense that one or more jurors are hostile to. |

Dated: August 17, 2026

Respectfully submitted,

*/s/ Warren Gary Kohlman*
Warren Gary Kohlman* (DC #177527)
1845 R Street Northwest
Washington, DC 20009
202-497-4468
Email: gwkohlman@gmail.com

*Counsel For Defendant Trayon White, Sr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of August, 2026, true and genuine copies of **DEFENDANT WHITE'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO DEFENDANT'S JURY QUESTIONNAIRE** were served on all counsel of record for the Government by ECF filing.

*/s/ W. Gary Kohlman*