**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRAYON WHITE, SR.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:24-cr-00406-RC<br><br>JUDGE RUDOLPH CONTRERAS |

**DEFENDANT TRAYON WHITE'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO DEFENDANT'S JURY INSTRUCTIONS**

| **GOVERNMENT OBJECTIONS (ECF 75-4, at p. 108, et seq.)** | **MR. WHITE'S RESPONSE** |
|---|---|
| ECF 75-4 at P. 110 footnote 3 **[Preliminary Instructions]**: "The defense objects to mentioning the alleged 2019-2020 conduct. The government does not disagree and suggests that the joint statement of the case, revised as appropriate, be used." | N/A |
| ECF 75-4 at P. 111 footnote 4 **[Preliminary Instructions]**: "The government objects to the defenses requested language. The language is not appropriate here, and, to the extent the proposed language is appropriate at | The defense proposed language is both accurate and necessary to balance the preceding paragraphs which highlight the fact that Councilman White has been indicted for committing a crime. |

| | |
|---|---|
| all – the topics are addressed elsewhere in the instructions." | |
| ECF 75-4 at P. 112 footnote 5 **[Preliminary Instructions]**: "The government objects to the defense's requested edit of the Model Instruction and notes that is substantially redundant of other instructions." | By using the word "opportunity," the government's proposed language suggests that an opening statement by the government is optional. It is not. The jury should be informed that the government must give an opening statement because it has the burden of proving its case beyond a reasonable doubt. |
| ECF 75-4 at P. 112-113 footnote 6 **[Preliminary Instructions]**: "The government objects to the defense's additional language. The language is not appropriate here. It is more akin to a "defense theory of the case. Furthermore, the requested language attempts to inject "entrapment" into the case prematurely. The jury should be protected from improper suggestions of entrapment at all stages of the trial. "[O]nce primed, Rule 103(d) may be invoked when the 'inadmissible evidence' is 'suggested to | It is common knowledge that the defense of entrapment is controversial in the community. A decision as to whether the defense will request the instruction and, if it does, whether the Court will give the instruction will not be made until the conclusion of the evidence. To ensure a fair trial, we submit that the defense of entrapment should be addressed in the jury questionnaire and mentioned by the court in its preliminary instructions. If no entrapment is given, a curative instruction will remedy the situation. |

| | |
|---|---|
| the jury by any means.' Those 'suggestions' may be made using any mode of communication." § 5051 The Jury and Inadmissible Evidence (Rule 103(d)), 21 FED. PRAC. & PROC. EVID. § 5051 (2d ed.); *see, e.g.*, Fed. Rule Evid. 103, COMM NOTES (1972) ("The judge can foreclose a particular line of testimony and counsel can protect his record without a series of questions before the jury, designed at best to waste time and at worst "to waft into the jury box" the very matter sought to be excluded."); The Jury and Inadmissible Evidence (Rule 103(d)), 21 FED. PRAC. & PROC. EVID. § 5051 (2d ed.) (R. 103(d) applies to "jury selection, opening or closing statements, the presentation of testimony, or recesses")." | |
| ECF 75-4 at P. 122 footnote 10 **[Instruction 1.206 TRANSCRIPTS OF TAPE RECORDINGS]**: "The government objects to the additional language proposed by the defense, as it is customary in this District for | The transcripts are not substantive evidence. The sole function of the transcripts is to aid the jury when it listens to the recordings. It would be error to have the jury decide |

| | |
|---|---|
| all admitted exhibits – excepting contraband and firearms – to be given to the jury when they begin deliberations. *See* Instruction 2.501 EXHIBITS DURING DELIBERATIONS." | Councilman White's guilt or innocence based on non-substantive evidence. |
| ECF 75-4 at P. 124 footnote 12 **[Instruction 2.108 REASONABLE DOUBT]**: "The Government objects to the Defendant's proposed reasonable doubt instruction. As noted, the Government's proposed instruction is the standard instruction routinely given in district court." | Unlike the defense's proposed instruction, the government's proposed instruction makes no attempt to define or describe what constitutes a reasonable doubt. |
| ECF 75-4 at P. 126 footnote 13 **[Instruction 2.109 DIRECT AND CIRCUMSTANTIAL EVIDENCE]**: "The last two paragraphs of the jury instruction are adapted from CALCRIM No. 224. Circumstantial Evidence: Sufficiency of Evidence, Judicial Council of California Criminal Jury Instructions (2026). The government objects to this additional language. It is confusing, and it misstates the law. *E.g.*, (1) the jury need not be convinced of the proof of each element | The Government misreads Mr. White's proposed instruction, which does not at all "remove circumstantial evidence from the quantum of proof." Instead: facts necessary for conviction must be proved beyond a reasonable doubt, and any circumstantial evidence necessary to establish such facts beyond a reasonable doubt must have the only reasonable conclusion drawn from it in favor of guilt. |

| | |
|---|---|
| before considering circumstantial evidence – this approach would improperly remove circumstantial evidence from the quantum of proof presented ("The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another."); and (2) the language requires the jury to conclude that the item of circumstantial evidence, itself, has been proven beyond a reasonable doubt before considering it. That is not the appropriate process or standard." | |
| ECF 75-4 at P. 127 footnote 16 **[Instruction 2-5 The Government as a Party]**: "The government objects to the defense's proposed language. It is a non-sequitur, and it is redundant of other instructions." | The Government's proposed instruction is one-sided. It presents the rationale for the government's interest but does not address the defendant's interests. The accused has two interests. First, he/she does not want to go to jail. (The government will surely object to placing that into the preliminary instructions). And, second, the defendant does not want to be convicted of a "serious" crime that he/she |

| | |
|---|---|
| | did not commit. Our proposed instruction captures the second interest. |
| ECF 75-4 at P. 130 footnote 17 **[Instruction 2.111 NUMBER OF WITNESSES]**: "The government opposed the defense request to strike "necessarily"; the sentence as written correctly states the law." | No criminal case should be decided based on the number of witnesses a party calls to the stand. The word "necessarily" is therefore not only superfluous but is misleading because it suggests that there might be cases in which the number of witnesses is dispositive. |
| ECF 75-4 at P. 131 footnote 19 **[Instruction 5-23 USE OF INFORMANTS WHEN ENTRAPMENT NOT A DEFENSE]**: "The government opposes the defense's proposed revision but believes that this instruction should be addressed when the Court considers an entrapment instruction." | The government's proposed instruction is nonsensical. It discusses at length the use of "cooperating witnesses" who "conceal their true identities." That tactic was not used in tis case. The defense proposed language is an accurate statement of the law. The defense's language is from D.C. Circuit Instruction 2.205 INFORMER'S TESTIMONY. |
| ECF 75-4 at P. 135 footnote 23 **[Instruction 6-19 GUILTY KNOWLEDGE FROM** | According to the discovery to date, the alleged transactions between the confidential |

| | |
|---|---|
| **CLANDESTINE BEHAVIOR]** [NOTE: THE GOVERNMENT SIMPLY NOTES THAT THE DEFENSE OBJECTS WITHOUT PROVIDING A REBUTTAL]: "The defense objects to this instruction." | informant and Councilman White took place in broad daylight inside the confidential informant's car in Ward 8. It's true that the transactions did not occur in a mansion as did the ones in *McConnell v. United States*, 579 U.S. 550 (2016), but City Council members are not provided with mansions. There was nothing "clandestine" or "irregular" about the transactions and no basis for the instruction. |
| ECF 75-4 at P. 136 footnote 24 **[Instruction 3.101 PROOF OF STATE OF MIND]**<br><br>Someone's intent ordinarily cannot be proved directly: "The government objects to the defense's proposed edit. It seems to be a longer way of stating the instruction's already proper statement of the law." | Our proposed instruction accurately states that it is the jury's function to determine which facts are relevant to determining Councilman White's state of mind. The defense proposed language more accurately captures the dynamic in the jury room. It is the jury's responsibility to determine what evidence is "relevant to" the accused's intent. |
| ECF 75-4 at P. 138 footnote 26 **[ELEMENTS OF THE CHARGE – BRIBERY, Corruptly – Defined]**: "The defendant's argument that this instruction | By "collapses the meaning of 'corruptly'," Mr. White simply means that the Government's instruction contains at a certain point a sentence that defines corruptly solely |

| | |
|---|---|
| "collapses the meaning of 'corruptly'" is misplaced. *See* Court's Mem. Op. [ECF #65, at 17-18] recognizing that Sec. 201 proscribes three theories of bribery; *see also* 1 Modern Federal Jury Instructions-Criminal P 16.02; *United States v. Ozcelik*, 527 F.3d 88, 93 (3d Cir. 2008), as amended (June 19, 2008) ("Under § 201(b)(2), there are three essential elements that must be met: (1) defendant must be a public official, (2) who directly or indirectly demanded, sought, received, accepted, or agreed to receive or accept anything of value personally or for any other person or entity, and (3) did so specifically for one of the three corrupt purposes set forth in subsections (A) through (C)."')." | by reference to the three purposes set forth in (A) through (C), and leaves out the mental state of intending to obtain an **illegal** benefit. Disappearing this text risks confusion and the jury convicting without finding the mental state required. |
| ECF 75-4 at P. 139 footnote 28 **[ELEMENTS OF THE CHARGE – BRIBERY, Official Act - Defined]**: "The Government objects to this deletion as it would render the instruction an incorrect | We agree that "without more" should remain in the instruction. |

| | |
|---|---|
| recitation of the law. *See McDonald*, 136 S.Ct. at 2371." | |
| ECF 75-4 at P. 139 footnote 30 **[ELEMENTS OF THE CHARGE – BRIBERY, Official Act - Defined]**: "The Government objects to the Defendant's changes. The added language improperly injects argument into already clear jury instructions, and the deletion removes an accurate and proper instruction based on *McDonald*. *See McDonald*, 136 S.Ct. at 2371." | The added language is an accurate statement of the law. *See United States v. McCabe*, 103 F.4th 259 (4th Cir. 2024). The deletion is appropriate because it cures a redundancy; earlier in the instruction the same point has been made. |
| ECF 75-4 at P. 139-140 footnote 31 **[ELEMENTS OF THE CHARGE – BRIBERY, Official Act - Defined]**: "The Government objects to this addition. It is inconsistent with *McDonald's* definition of an "official act." *See*, Mem. Op. [ECF # 65, at 65] ("Nor must the public official in fact intend to perform the 'official act," so long as he agrees to do so.") (citation omitted)." | The defense proposed language mirrors the government's language. |

| | |
|---|---|
| ECF 75-4 at P. 140 footnote 33 [**ELEMENTS OF THE CHARGE – BRIBERY, Official Act - Defined]**: "The government opposes this inserted language. First, it is confusing, as, per McDonald, a campaign contribution is not a bribe. Furthermore, it improperly seeks to circumscribe the instruction which is consistent with the teachings of McDonald." | The Government's legally erroneous position states too broadly that bribes can be implicit. This is untrue as to campaign contributions, which for First Amendment reasons are criminal "only when made pursuant to an explicit quid pro quo agreement." *See United States v. Ring*, 706 F.3d 460, 465-66 (D.C. Cir. 2013). |
| ECF 75-4 at P. 141 footnote 35 **[ELEMENTS OF THE CHARGE – BRIBERY, Violation of Official Duty -- Defined]**: "The defendant's argument that this is legally erroneous is misplaced. First, this is written as alleged in the Indictment. ECF # 12 at ¶ 12. Second, it is set forth in the D.C. Counsel's Code of Conduct: (1) use his position to influence the outcome of a matter that he knows is likely to have a direct effect on his financial interests, GEX 1 (Council of the District of Columbia Code of Official | Defying common sense, and without citation to authority, the Government here tries to shoehorn certain alleged violations of the D.C. ethics code into its bribery count under the third prong of the federal bribery statute. Including violations of three of these provisions makes no logical sense, because they would create the bizarre offense of being bribed in exchange for Mr. White ***himself*** receiving a benefit: "(2) receive any compensation, salary, or contribution to salary, gratuity, or any other things of value |

| | |
|---|---|
| Conduct, Council Period 25) at 2, I(a); (2) receive any compensation, salary, or contribution to salary, gratuity, or any other things of value from any source other than the District government for his performance of official duties, *id.* at 3, I(e)(1); (3) solicit or accept, either directly or indirectly, any gift from a "Prohibited Source", *id.* at 8, III(a); (4) receive anything of value in return for being influenced in the performance of official acts, *id* at 10, III(e)(2); (5) knowingly use the prestige of his office or public position for his financial gain or that of another, *id.* at 16, VI(b)(1); and (6) disclose or use confidential or privileged information acquired by their position without authorization, *id.* at 19, VII." | from any source other than the District government for his performance of official duties; (3) solicit or accept, either directly or indirectly, any gift from a "Prohibited Source"; (4) receive anything of value in return for being influenced in the performance of official acts." This is not bribery, even if involves alleged acts that are wrongful under the local ethics code.<br><br>As to the second-to-last provision the Government attempts to employ, "(5) knowingly use the prestige of his office or his position for his financial gain or that of another," it is unconstitutionally vague and overbroad on its face, and as applied. To charge Mr. White for taking a payment in exchange for these things is to label a federal felony a range of conduct that is outside the realm of modern *quid pro quo* bribery. In addition to the objection immediately above applying as to Mr. White's financial gain, the reference to "financial gain of another" could encompass many acts of mere currying-favor |

| | |
|---|---|
| | or relationship-building or building a reservoir of goodwill with an official, which are **legal** under federal law. *See United States v. Silver,* 948 F.3d 538, 577 (2d Cir. 2020). |
| ECF 75-4 at P. 142 footnote 36 **[ELEMENTS OF THE CHARGE – BRIBERY, Violation of Official Duty -- Defined]**: "The government opposes the additional language proposed by the defense. It attempts to graft "official act" language where it is inappropriate. Only one of the means of committing bribery requires an "official act." Sec. 201(b)(2)(B) and (C) do not implicate an official act. *See, e.g. United States v. Leyva*, 282 F.3d 623 (9th Cir. 2002). Here, the plain language of § 201(b)(2)(B) requires only that the public official accept a thing of value in exchange for perpetrating a fraud. The absence of any official act requirement is particularly pointed in light of | The proposed language is an accurate statement of the law. |

| | |
|---|---|
| explicit "official act" or "official duty" language in other subsections of § 201. See § 201(a)(3) (defining "official act"); § 201(b)(1)(A) (prohibiting paying an official "with intent to influence any official act"); § 201(b)(2)(A) (prohibiting an official from accepting payment in return for "the performance of any official act"); § 201(b)(1)(C) and (2)(C) (prohibiting giving or receiving value to induce acts in violation of the "lawful" or "official" duty of a public official); *see also Gozlon–Peretz v. United States*, 498 U.S. 395, 404, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotation marks omitted) (alteration in original)). *Id.* at 625." | |

| | |
|---|---|
| ECF 75-4 at P. 143 footnote 38 [ELEMENTS OF THE CHARGE – BRIBERY, Fraud on the United States – Defined]: "The Government objects to this deletion, as it is a proper recitation of the law and is included in similar instructions provided in this District. *See United States v. Meseretu*, Crim. No. 24-CR-281 (APM) (D.D.C. June 25, 2025)" | The deleted sentence is redundant, "cheating" is already mentioned in an earlier sentence. |
| ECF 75-4 at P. 143 footnote 39 **[ELEMENTS OF THE CHARGE – BRIBERY, Fraud on the United States – Defined]**: "The government objects to the defense's proposed language. It is an inaccurate statement of the law with respect to Sec. 201 (b)(2)(C) (violation of official duty)." | The Government's objection is misdirected because this is the defense language about the "fraud" theory, not the "violation of official duty" section. |
| ECF 75-4 at P. 143 footnote 40 **[ELEMENTS OF THE CHARGE – BRIBERY, Course of Conduct – Defined]**: "The government objects to the defense's proposed insertion. Unanimity regarding payments is not required. *See, e.g., United* | The Government's "kitchen-sink" bribery count, Count One, requires some additional protective instruction on unanimity because it presents the jury with a multitude of completely different pathways to finding guilt based on different facts, such that a jury might |

| | |
|---|---|
| *States v. Kayode*, 254 F.3d 204, 214 (D.C. Cir. 2001) ("Relying on *Schad v. Arizona*, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991), we concluded that all the jury was required to agree on was that the defendant had committed the offense as defined in the statute, not how the defendant had done so. . . . The statute makes relevant only the number of false identification documents intended to be used, not the identity of each particular document. The district court therefore did not err in declining to give a unanimity instruction."); *United States v. Daniel*, 749 F.3d 608, 614 (7th Cir.2014) (upholding district court's denial of request by defendant charged with scheme to defraud for unanimity instruction regarding specific fraudulent representation because such representations "were merely the means he used to commit an element of the crime"); *United States v. Davis*, 306 F.3d 398, 414 (6th Cir.2002) ("[A]lthough there may have been various means by which Defendant aided and abetted | have no agreement on what set of facts results in a finding of guilt.<br><br>As an initial matter, the Government disregards this Court's own ruling in its May 2026 order denying Mr. White's motion to dismiss on duplicity grounds, that Count One, construed as alleging a course of conduct, should have a protective instruction to jury requiring unanimity on the fact of a scheme and at least one act in furtherance of a bribery scheme. (ECF 65, at p. 7.) It is only proper, therefore, to require the jury to agree unanimously on which of the four meeting dates that agreement was in place, and/or which payment or payments constituted an act in furtherance of that agreement. Moreover, with the three-part structure of Section 201(b) bribery giving completely disparate definitions for three possible purposes of a bribe agreement, it would not be a fair trial if different jurors found a scheme existed **but with entirely different purposes under** |

| | |
|---|---|
| in the underlying offenses for which he was convicted, no unanimity instruction with regard to these various means was necessary.") (citation omitted)." | **subsections of the statute with less than unanimous support for any one of them**.<br><br>The authority cited by the Government is not contrary to adding special instructions (nor to using Mr. White's proposed special verdict form and interrogatories) under the peculiar circumstances presented by the "kitchen-sink" drafting of Count One. To the contrary, as stated in the plurality opinion of the U.S. Supreme Court in *Schad v. Arizona*, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991), a court must consider "the point at which differences between means become so important that they may not reasonably be viewed as alternatives to a common end, but must be treated as differentiating what the Constitution requires to be treated as separate offenses. . . ." 501 U.S. at 633, 111 S.Ct. 2491 (plurality opinion); *see also United States v. Hurt*, 527 F.3d 1347, 1356 (D.C. Cir. 2008) (analyzing under "plain error" standard whether "stealing" and "knowingly converting" government property were |

| | |
|---|---|
| | sufficiently separate conduct under 18 U.S.C. § 641 so as to require a special instruction). As the D.C. Circuit in *Hurt* stated: “The five Justices [in *Schad*] who agreed means-unanimity is not required also acknowledged a limit to what jury findings can be combined to support a verdict.” *Hurt*, 527 F.3d at 1353 (*citing Schad*, 501 U.S. at 632-33, 111 S.Ct. 2491 (plurality opinion) (“That is not to say, however, that the Due Process Clause places no limits on a State's capacity to define different courses of conduct, or states of mind, as merely alternative means of committing a single offense, thereby permitting a defendant's conviction without jury agreement as to which course or state actually occurred.”)<br><br>Under the plain error standard where defense counsel had failed to object at trial in *Hurt*, the D.C. Circuit did not need to reach the question of whether a single count charged under § 641 risked “creating a mishmash of stealing and knowing conversion” without a |

| | |
|---|---|
| | special unanimity instruction. Here, however, Count One creates a "mishmash" of four separate incidents and three separate prohibited purposes under § 201(b)(1).<br><br>Aggravating this problem, the third prohibited purpose for a payment charged in Count One, i.e., of inducing a violation of Mr. White's official duty, refers to several *different* official duties under the D.C. ethics code applicable. Jurors also risk reaching different conclusions from one another here. |
| ECF 75-4 at P. 144 footnote 42 **[ELEMENTS OF THE CHARGE – BRIBERY, Exchange Need Not Be Explicit]**: "The Government objects to this addition as confusing and unnecessary. definition a mere "campaign contribution" is not a "bribe." *McDonald*, 136 S.Ct. at 2372. By *McDonald's* This standard instruction is a correct recitation of the law." | The Government's legally erroneous position states too broadly that bribes can be implicit. This is untrue as to campaign contributions, which for First Amendment reasons are criminal "only when made pursuant to an explicit quid pro quo agreement." *See_United States v. Ring*, 706 F.3d 460, 465-66 (D.C. Cir. 2013). |

| | |
|---|---|
| ECF 75-4 at P. 145 footnote 43 **[Instruction 2.321 OTHER CRIMES EVIDENCE] [NOTE---NOT STRICTLY AN OBJECTION]**: "If the parties reach a stipulation this evidence will not be offered." | N/A |
| ECF 75-4 at P. 145-146 **[Instruction 2.321 OTHER CRIMES EVIDENCE]** [no footnote]: "The defense states: "If Mr. White produces some evidence of inducement to commit bribery and obtains an entrapment instruction, then the Government will need to prove predisposition beyond a reasonable doubt and not by a preponderance of evidence, and then this instruction is inappropriate as applied to claimed acts proving predisposition." This is an incorrect statement of the law. The defense conflates two issues. First, as cited above, the Supreme Court has held that to be admitted other crimes evidence must meet the preponderance standard. Second, the standard for consideration of other crimes evidence is | For a lay person on a jury, the Government's proposed instruction on burden would be unduly confusing and prejudicial to Mr. White in the context of an entrapment defense that has merited an instruction to the jury. Jurors could, in effect, erroneously believe that Mr. White's predisposition to commit bribery could be proven with a preponderance of evidence as to an "other acts" fact. By settled law, predisposition must be proven by proof beyond a reasonable doubt, so in this context the preponderance standard (appropriate in other contexts for proving other acts) must logically yield. |

| | |
|---|---|
| different from the standard required to defeat an entrapment defense. Other crimes evidence may – or may not –be part of the quantum of evidence considered by the jury to defeat an entrapment defense." | |
| ECF 75-4 at P. 146 footnote 46 **[Instruction 2.321 OTHER CRIMES EVIDENCE]**: "Defendant objects to some of the uses of the other crimes evidence, but the Court has approved each of these uses. Mem. Op. [ECF # 65], at 10-11." | The defense maintains its objection to evidence of prior bad acts. |
| ECF 75-4 at P. 146 footnote 47 **[Instruction 2.321 OTHER CRIMES EVIDENCE]**: "This language should only be struck if the parties reach an appropriate stipulation. *See* Memorandum Opinion [ECF # 65], at 10-11, 33-35." | N/A |
| ECF 75-4 at P. 147 footnote 49 **[Instruction 2.405 UNANIMITY—GENERAL]**: "For the reasons cited in the Bribery Instruction, the government objects to the defense's | See above re: special unanimity instruction for Mr. White's response. |

| | |
|---|---|
| requested addition to the Unanimity Instruction. *See* n. 26, 38, *supra*." | |
| ECF 75-4 at P. 151-152 footnote 51 **[DELIVERING THE VERDICT]:** "The government opposes this defense instruction. To the extent it properly states the law, this is addressed in the "official act" portion of the Bribery Instruction. *See United States v. McCabe*, 103 F.4th 259, 285 n.21 (4th Cir. 2024) ("we are satisfied that the trial court did not abuse its discretion or err in any of its McDonnell-based Instructions")." | The defense proposed instruction was quoted with approval in *United States v. McCabe*, 103 F.4th 259 (4th Cir. 2024); *see also United States v. Silver,* 948 F.3d 538, 577 (2d Cir. 2020) (building a reservoir of goodwill with a politician is **legal** under federal law). |
| ECF 75-4 at P. 152-154 footnote 52 **[Instruction 9.310 ENTRAPMENT]:** "The Court has held that the propriety of an entrapment instruction cannot be determined at this time. Mem. Op. [ECF # 65, at 26-30]." | Defendant White takes the opportunity now, rather than closer to trial or in trial, to work out the proper form of an entrapment instruction if the Court were to give it. |
| ECF 75-4 at P. 154-155 footnote 53 **[Instruction 2.213 CHARACTER OF DEFENDANT & Instruction 2.214 CROSS-EXAMINATION OF CHARACTER WITNESS]**: "The | An accused is entitled to present character evidence that addresses traits that are relevant to the charged offense. To begin with, once a criminal defendant testifies, his/her credibility becomes at issue. Honesty is a pertinent trait |

| | |
|---|---|
| government opposes the introduction of evidence regarding the defendant's character, as there is no basis for such evidence. Mem. Op. [ECF # 65, at 21]." | when credibility is at issue. If Councilman White elects to testify, perforce he has the right to call witnesses to address his reputation for honesty. *See* Federal of Evidence 404(a).<br><br>Moreover, if Councilman asserts his Constitutional right not to testify, he is still entitled to introduce character evidence. In *Michelson v. United States*, 335 U.S. 469 (1948), the accused was charged with bribing a federal official. The defendant introduced testimony as to his "honesty and trustworthiness" and being a law-abiding citizen. As Justice Jackson observed, possessors of those traits would seem incompatible with offering a bribe." 335 US at 483. The character evidence in the case reviewed by the Supreme Court was not introduced to bolster the credibility of the defendant, but to establish that his reputation for honesty was "incompatible" with the crime of bribery. As one Court of Appeals noted citing *Michelson*: "Standing alone, |

| | |
|---|---|
| | however, character evidence may create a reasonable doubt regarding guilt." *United States v. John*, 309 F.3d 298, 300 (5th Cir. 2002) (trial judge permitted several character witnesses to testify but his refusal to give character witness instruction resulted in a new trial), *citing Edginton v. United States*, 164 U.S. 361, 366 (1896); *see also United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981) ("In some circumstances, evidence of good character may of itself create a reasonable doubt as to guilt, and the jury must be appropriately instructed.")<br><br>Councilman White is not only charged with bribery, but one of the government's theories is that he accepted something of value to Commit and aid in committing, and to collude in, and allow, any fraud, and make opportunity for the commission of any fraud, on the United States. Indictment, Count 1, paragraph 69. Fraud is quintessentially a crime that calls into question into question the character trait of honesty. |

Dated: August 17, 2026

Respectfully submitted,

/s/ *Warren Gary Kohlman*
Warren Gary Kohlman* (DC #177527)
1845 R Street Northwest
Washington, DC 20009
202-497-4468
Email: gwkohlman@gmail.com

*Counsel For Defendant Trayon White, Sr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of August, 2026, true and genuine copies of **DEFENDANT WHITE'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO DEFENDANT'S JURY INSTRUCTIONS** were served on all counsel of record for the Government by ECF filing.

*/s/ W. Gary Kohlman*