**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:24-cr-00406-RC |
| | ) | |
| Plaintiff, | ) | JUDGE RUDOLPH CONTRERAS |
| | ) | |
| vs. | ) | |
| | ) | |
| TRAYON WHITE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TRAYON WHITE'S PARTIAL RESPONSE TO GOVERNMENT'S REPLY TO MR. WHITE'S OBJECTIONS TO GOVERNMENT EXHIBITS AND RELATED TESTIMONY**

Defendant Trayon White, through undersigned counsel, respectfully files this Partial Response to the document styled "GOVERNMENT'S REPLY TO DEFENDANT'S OBJECTIONS TO TRIAL EXHIBITS," filed on August 13, 2026 (ECF 76), which responded to Mr. White's portion of the Pretrial Statement entitled: "Defendant Trayon White's Objections to the Government's Trial Exhibits and Proffered Testimony of Travel Expenses and Illegal Campaign Contributions, and To Any Other Such Evidence Which the Government Has Not Yet Properly Noticed Under Rule 404(b)." (ECF 75-5, at pp. 24 *et. seq.*)[1] Not to belabor any points already briefed, Mr. White further responds at this time only in part to the Government's reply.

## I. THE GOVERNMENT KEEPS MISTAKENLY ASSERTING THAT MR. WHITE REFERRED TO A 2019 BRIBE IN A 2024 UNDERCOVER RECORDING

It is important to cure the Government of a particularly concerning habit before it again misstates certain evidence in front of an empaneled jury. The Government asserts that "defendant refers to the 2019-bribe during his 2024 recorded meetings with CHS-1." (ECF 76,

[1] The Government mistakenly cited this pleading of Mr. White's as "ECF #75, Ex. 4." (ECF 76, at p.1.)

at p.2.) Based on this alleged fact, the Government argues, it would not be feasible to delay admission of evidence of the alleged 2019 scheme until after the evidence is in regarding the 2024 undercover sting operation, as requested by Mr. White. (*Id.*)

This is hardly the first time that the Government has made the assertion that it recorded Mr. White referring to taking an earlier bribe,[2] nor the first time that Mr. White has attempted to correct the record. The Government's repetition does not make the assertion any more true than it was before.

Once again, here is the recorded text to which the Government refers:

> On July 17, 2024, WHITE discussed that $20,000 bribe. Specifically, WHITE referenced his attempt to coerce Government Employee 1 to resolve Company 1 's contract dispute.
>
> WHITE said: "I have to work and put everything in play. I am just trying to make sure ...because ... last time we was trying to do something like this ... that shit messed up my relationship ... because l was going ... I ain't gonna lie because we was trying to get [Government Employee 1] to do something and he/she agreed to do it and he just never responded ... and he just disappeared and stopped answering, even to this day."

(ECF 12 at pp. 6-7).

At best, however, the words of Mr. White "last time we was trying to do something like this" establish that several years ago Mr. White reached out to a male government employee with whom he had a relationship to assist CHS-1 with one of his government contracts. With the entire recording and transcript available, it is unreasonable to conclude that the words "something like this" had to be a reference to a **bribe agreement or payment**, which appears nowhere there, versus Mr. White describing a prior attempt to render assistance, which does. No interpretation by the CHS-1 nor by counsel for the Government is competent to draw the Government's preferred inference.

Accordingly, in the present context of Mr. White's evidentiary objections, there is no reason that further proof as to the alleged 2019 scheme is needed before the proof of the 2024 scheme is all in and Mr. White has a further opportunity to address his objection about 2019 evidence to the Court.

## II. RULE 404(b)(3) NOW REQUIRES THE GOVERNMENT TO GIVE NOTICE OF SPECIFIC EVIDENCE OF "OTHER ACTS" -- NOT SIMPLY NOTICE OF "THE GENERAL NATURE OF THE EVIDENCE" AS UNDER THE OLD RULE

In asserting that it gave timely notice of other acts evidence under Fed. R. Evid. 404(b) (ECF 76, at pp. 2-3), the Government appears to be in a state of denial as to its obligations under the 2020 amendments to the notice provisions for this evidence. This Court must rigorously enforce the notice provision, especially lest the Government believe that it can continue to drip out evidence of others acts before trial.

In a criminal case, the prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it . . . ." Fed. R. Evid. 404(b)(3)(A).

In 2020, Rule 404(b) was amended "principally to impose additional notice requirements on the prosecution in a criminal case." Fed. R. Evid. 404 Committee Notes on Rules—2020 Amendment. The notice provision has been changed so that:

> The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose. The earlier requirement that the prosecution provide notice of only the "general nature" of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a non-propensity purpose. This amendment makes clear what notice is required.

*Id.*

The Committee further explained:

> Advance notice of Rule 404(b) evidence is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied—even in cases in which a final determination as to the admissibility of the evidence must await trial.

*Id.*

The Government appears to wish for yesteryear when it could provide notice of only the "general nature" of the evidence. That is not the rule; it must notice the evidence itself so that whatever proffered testimony or documentation it is can be "assessed" under both Rule 404(b) and Rule 403, which of course requires a specific weighing probative value, prejudice, etc.

Though the Government filed a notice in May 2026, before the deadline, that it would seek to introduce evidence of travel expenses and campaign contributions under Rule 404(b), the items of travel evidence produced in discovery in June 2026 were not specified as proposed trial exhibits until July 30, 2026 – three days late. More importantly, the Government has offered no proof whatsoever beyond a couple of CHS-1's witness statements to the FBI that there were any campaign contributions to Mr. White. Any future attempt to introduce exhibits purporting to show corroboration of such assertions would be several weeks beyond the deadline at this point.

The Court should not excuse any such lapse from a prosecution that declared itself ready for trial in mid-2025, had earlier disclaimed the need for such 404(b) evidence, and proclaims this an open-and-shut case about what Mr. White said on the 2024 undercover recordings.

Dated: August 17, 2026

Respectfully submitted,

*/s/ Warren Gary Kohlman*
Warren Gary Kohlman* (DC #177527)
1845 R Street Northwest
Washington, DC 20009
202-497-4468

Email: gwkohlman@gmail.com

*Counsel For Defendant Trayon White, Sr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of August, 2026, true and genuine copies of **DEFENDANT WHITE'S PARTIAL RESPONSE TO GOVERNMENT'S REPLY TO MR. WHITE'S OBJECTIONS TO GOVERNMENT EXHIBITS AND RELATED TESTIMONY** were served on all counsel of record for the Government by ECF filing.

*/s/ W. Gary Kohlman*