**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:24-cr-00406-RC |
| | ) | |
| Plaintiff, | ) | JUDGE RUDOLPH CONTRERAS |
| | ) | |
| vs. | ) | |
| | ) | |
| TRAYON WHITE, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TRAYON WHITE'S MOTION TO COMPEL DISCOVERY OF BRADY/GIGLIO AND JENCKS MATERIAL FROM THE APRROVAL FOR OVERT ACTIONS AND CRIMINAL CHARGES CLOSE TO HIS ELECTION DAY**

Defendant Trayon White, Sr., through undersigned counsel, hereby moves for discovery of materials referenced by FBI Special Agent Matthew Gano in his cross-examination, namely internal U.S. Department of Justice ("Department") communications approving the overt law enforcement and prosecutorial activities close to Mr. White's November 2024 election contest**,** and in support thereof states as follows:

It is the longstanding practice within the Department to avoid overt law enforcement and prosecutorial activities close to a target candidate's election contest, typically within 60 or 90 days of an election day. *See* Request for Judicial Notice, ECF 116.

In addition, formal Department policy provides as follows:

> Federal prosecutors and agents may never select the timing of any action, including investigative steps, criminal charges, or statements, for the purpose of affecting any election, or for the purpose of giving an advantage or disadvantage to any candidate or political party. Such a purpose is inconsistent with the Department's mission and with the Principles of Federal Prosecution. *See* § 9-27.260. Any action likely to raise an issue or the perception of an issue under this provision requires consultation with the Public Integrity Section, and such action

> shall not be taken if the Public Integrity Section advises that further consultation is required with the Deputy Attorney General or Attorney General.

Justice Manual, 9-85.500 (Actions that May Have an Impact on an Election).

3. It is undisputed in this case that the Government planned a sting operation in which it 100% controlled the timing of a confidential informant's video-recorded meetings with Mr. White. The FBI then chose to arrest Mr. White within 90 days of his election contest in November 2024, and chose to indict him within 60 days of his election contest.

4. Case agent Matthew Gano testified yesterday morning, September 16, 2026, that Department officials knew about Mr. White's election and set a deadline of August 18, 2026 for investigation to finish before the election. (9/16/2024 AM Transcript, at pp. 52-53.) That day was indeed the day of Mr. White's last meeting with the informant, and the day of his arrest on a public street, at gunpoint, by agents shouting at him to kneel.

5. When asked about whether he knew of the timing of the election, Agent Gano volunteered that the timing of the investigative activity in relation to Mr. White's election had followed consultation with the U.S. Attorney's Office and the Department's Public Integrity Section (at Main Justice). (*Id.* at 53.)

6. Objection from the Government, sustained by the Court, thwarted further exploration with the witness by defense counsel of the charging decision in light of the normal practices of the Department.

7. Mr. White now seeks internal communications referenced by Agent Gano as *Brady/Giglio* material, and to the extent there are statements by Agent Gano, Jencks material. Mr. White requests that its anticipated further lines of cross-examination with these materials not be a matter of discussion with the Government, to protect the right of cross-examination of this witness.

8. Mr. White urges the Court to order the Government to bring the requested materials to court tomorrow morning for further proceedings, and then if necessary, be submitted for *in camera* inspection by the Court.

9. Mr. White contends that no legal privilege or protection could apply any longer to these materials given Agent Gano's nonresponsive answer volunteering these communications.

CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. White respectfully requests that the Court GRANT his motion and compel the Government to disclose the requested materials regarding the authorization and deadline for the investigation and charging of Mr. White.

Dated: September 17, 2026

Respectfully submitted,

*/s/ Warren Gary Kohlman*
Warren Gary Kohlman (DC #177527)
1845 R Street Northwest
Washington, DC 20009
202-497-4468
Email: gwkohlman@gmail.com

*Counsel For Defendant Trayon White, Sr.*

*/s/ Bruce H. Searby*
Bruce H. Searby (DC # 1012382)
Nicole C. Ledesma (DC # 90020184)
SEARBY PLLC
2000 P Street NW, Suite 705
Washington, D.C. 20036
Tel: (202) 750-6106
Email: bsearby@searby.law

*Counsel For Defendant Trayon White, Sr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of September, 2026, true and genuine copies of DEFENDANT TRAYON WHITE'S MOTION TO COMPEL DISCOVERY OF BRADY/GIGLIO AND JENCKS MATERIAL FROM THE APRROVAL FOR OVERT ACTIONS AND CRIMINAL CHARGES CLOSE TO HIS ELECTION DAY were served on all counsel of record for the Government by ECF filing.

*/s/ Bruce. H. Searby*