# JURY INSTRUCTIONS

***United States v. Trayon White, Sr.***

**No. 24-cr-406**

Let this be filed.
[illegible]
9/28/2026

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**JUROR OBLIGATIONS**

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness, and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so until the jury is discharged from consideration of this case.

## SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. You are to perform your duty of finding the facts and applying the law without bias or prejudice to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. It must be clear to you that once you let fear, or prejudice, or bias, or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict. So, do not be guided by anything except clear thinking and calm analysis of the evidence.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

**EVIDENCE IN THE CASE**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw from the facts that you find have been proven such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## TRANSCRIPTS OF TAPE RECORDINGS

Some recordings of conversations identified by witnesses have been received in evidence. There are embedded transcripts of these recorded conversations for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear and to help you identify speakers. If you notice any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.

## JURY'S RECOLLECTION CONTROLS

If any reference made by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**INDICTMENT OR INFORMATION NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. White's guilt or draw any inference of guilt from it.

**BURDEN OF PROOF – PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. White to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offense with which Mr. White is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, it is your duty to find Mr. White not guilty.

**REASONABLE DOUBT**

The government has the burden of proving Mr. White guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.

However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than

direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**NATURE OF CHARGE NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime and has pleaded not guilty.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer, and they should play no part in your deliberations.

**CREDIBILITY OF WITNESSES**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistakes, misunderstandings, intentional falsehoods, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to

tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you might find the opposite.

**USE OF INFORMANTS WHEN ENTRAPMENT NOT A DEFENSE**

You have heard testimony from a cooperating witness, Mr. Kamara, who was used by the government to investigate the defendant. There is nothing improper or illegal with the government using this technique, so long as the defendant's rights are not violated. You have heard mention during voir dire, my initial instructions, and other parts of the trial about entrapment or the defendant being "set up." I told you that the defendant may argue that he was entrapped. At the end of the trial, the defendant decided not to claim that he was set up or entrapped, so I am not going to give you an instruction on the law of entrapment, and you must not consider such a claim in your deliberations.

Whether or not you approve of the use of a cooperating witness or informant or undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

**WITNESS WITH A PLEA AGREEMENT**

You have heard evidence that Mr. Kamara entered into a plea agreement with the government pursuant to which Mr. Kamara agreed to testify truthfully in this case and the government agreed to bring his cooperation to the attention of the sentencing judge and consider filing papers with the judge which would permit that judge to impose a more lenient sentence than the judge might otherwise be able to impose.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect the witness against a prosecution for perjury or false statement, should he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated him to testify falsely against the defendant. The testimony of a

witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

**POLICE OFFICER'S TESTIMONY**

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the agent's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

**RIGHT OF DEFENDANT NOT TO TESTIFY**

Every defendant in a criminal case has an absolute right not to testify. Mr. White has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

**EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS**

The law treats prior inconsistent statements differently depending on the circumstances in which they were made. I will now explain how you should evaluate those statements.

<u>PART A</u> (for use when prior statements not made under oath are introduced):

> You have heard evidence that Mr. Kamara made a statement on an earlier occasion and that this statement may be inconsistent with his testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

<u>PART B</u> (for use when prior statements made under oath are introduced):

> You also have heard evidence that Mr. Kamara made an earlier statement under oath, subject to the penalty of perjury at the grand jury and that this statement may be inconsistent with his testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. You also may consider this earlier statement as evidence that what

was said in the earlier statement was true.

## EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS

You have heard evidence that Mr. Kamara made a statement on an earlier occasion and that this statement may be consistent with his testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the credibility of the witness and as evidence in this case. If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

## GUILTY KNOWLEDGE FROM CLANDESTINE BEHAVIOR

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.

**MOTIVE**

Motive is not an element of the offense charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charge beyond a reasonable doubt.

## PROOF OF STATE OF MIND

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances. You may consider any statements made, or acts done or omitted by Mr. White, and all other facts and circumstances received in evidence which you find to be relevant to his intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. White acted with the necessary state of mind.

**"ON OR ABOUT"—PROOF OF**

The indictment charges that the offense of bribery was committed from June 26 to August 2024. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**ELEMENTS OF THE CHARGE – BRIBERY**

Count One of the Indictment charges the Defendant, Trayon White, Sr., with bribery. Title 18, United States Code, Section 201(b)(2) makes it a crime for a public official to demand or seek, receive or accept, or agree to receive or accept a bribe. For you to find the Defendant guilty, the Government must prove each of the following beyond a reasonable doubt:

1. At the time, the Defendant was a public official; and

2. The Defendant, directly or indirectly demanded, sought, received, accepted, or agreed to accept or receive any thing of value;

3. The Defendant did so corruptly in return for: (a) being influenced in the performance of any official act; (b) being influenced to commit or aid in committing, or to collude in, or allow, any fraud or make an opportunity for the commission of a fraud on the United States; or (c) being induced to do or omit to do any act in violation of his official duties.

I will now give you some additional instructions about the law of bribery.

**PUBLIC OFFICIAL – DEFINED**

The term "public official" includes District of Columbia councilmembers.

**THING OF VALUE – DEFINED**

The term "thing of value" includes payments of money.

**CORRUPTLY – DEFINED**

The term “corruptly” means an intent to obtain an illegal benefit. To act “corruptly” requires the Defendant to receive, accept, or agree to accept the payment or thing of value with the intent to be (1) influenced in the performance of any official act; (2) influenced to commit or aid in the commission of any fraud on the United States; or (3) induced to do or omit to do any act in violation of his official duty.

**OFFICIAL ACT - DEFINED**

The Government alleges that the Defendant violated the bribery statute by accepting a bribe intending to be influenced to perform an official act. The term “official act” means any decision or action on any question, matter, cause, suit, proceeding, or controversy, which may at any time be pending, or which may by law be brought before any public official, in such public official’s official capacity or in such official’s place of trust. This has two parts to it.

First, the question, matter, cause, suit, proceeding, or controversy must be specific and focused and involve a formal exercise of governmental power. In this case, the charge is that the question, matter, cause, suit, proceeding, or controversy is the renewal of Life Deeds’s and/or some of Mr. Kamara’s other companies’ contracts with the District of Columbia Government.

Second, the public official must make (or agree to make) a decision or take (or agree to take) an action on that question, matter, cause, suit, proceeding, or controversy. A decision or action on a qualifying step for a question, matter, cause, suit, proceeding, or controversy, would qualify as an official act. An official act also includes a public official exerting pressure on another official to perform an official act, or providing advice to another official, knowing or intending that such advice will form the basis for an official act by another official.

Setting up a meeting, hosting an event, talking to another official, or determining the status of a contract, merely to gather information, without more, does not qualify as a decision or action on a question, matter, cause, suit, proceeding or controversy. Simply expressing support at a meeting, event, or call—or sending a subordinate to such a meeting, event, or call, even if the event, meeting or call is related to a pending question or matter—similarly does not qualify as a decision or action on a question, matter, cause, suit, proceeding or controversy, as long as the official does not intend to exert pressure on another official or provide advice, knowing or intending such advice to form the basis for an official act taken by another public official.

You may, however, consider evidence that a public official set up a meeting, hosted an event, talked to another official, expressed support, or sent a subordinate as evidence of an agreement to take an official act. On the other hand, you may consider evidence that a public official did not set up a meeting, host an event, talk to another official, express support, or send a subordinate as evidence that there was no agreement to take an official act. You may consider all of the evidence in the case, including the nature of the transaction, in determining whether the conduct involved an official act.

In order to satisfy the elements of bribery, however, the public official need not actually perform an official act or have control over the outcome of the question or matter. When the defendant is a public official charged with receiving a bribe, it is sufficient if the public official agrees to perform an official act in exchange for a thing of value so long as they intended to be influenced or induced to perform the official act. This agreement need not be explicit, and the public official need not specify the means that he will use to perform his end of the bargain. You may, for example, conclude that an agreement was reached if the evidence shows that the public official received a thing of value knowing that it was given with the expectation that the official would perform an official act in return. The defendant can only be convicted if you find that he acted corruptly, which, as explained above, means that he intended to be influenced or induced. Knowledge alone is not enough to have acted corruptly.

The Government has not alleged that any of the alleged payments from Mr. Kamara to Mr. White during the four meetings were campaign contributions. If, however, you have a reasonable doubt about whether the payments were campaign contributions, then, in order to find that there was an agreement, the agreement must be explicit. An explicit agreement means one that is plainly evident. It is not enough to find an agreement with respect to a campaign

contribution simply because a campaign donation preceded or followed the favorable act. But even an explicit agreement does not need to be expressly stated. It can be inferred from the words and actions of the parties; and it can be informal. In other words, you do not need to find that the parties expressly stated the terms of the agreement.

## VIOLATION OF OFFICIAL DUTY -- DEFINED

The Government also alleges that the Defendant violated the bribery statute by accepting a bribe intending to be influenced to violate the Defendant's official duty. The Government alleges that as a District of Columbia City Councilmember, the Defendant had an official duty not to: (1) use his position to influence the outcome of a matter that he knows is likely to have a direct effect on his financial interests; (2) receive anything of value in return for being influenced in the performance of official acts; and (3) disclose or use confidential or privileged information acquired by their position without authorization. If the defendant agreed to do no more than seek information on the status of the informant's contracts, he has not violated this section of the bribery statute.

## FRAUD ON THE UNITED STATES – DEFINED

The Government also alleges that the Defendant violated the bribery statute by committing fraud on the United States. The term "fraud on the United States" means to engage in a scheme or systematic course of conduct intended to deceive, cheat, or obtain money or property by means of materially false representations or promise in a transaction of the federal government, which includes the District of Columbia government and its agencies, such as ONSE or DYRS. If the defendant agreed to do no more than ascertain the status of the constituent's contracts, he has not violated this section of the bribery statute.

## COURSE OF CONDUCT -- DEFINED

The Government must prove that at least one of the four alleged payments was provided, or a payment was agreed to be provided, with the intent to influence the performance of one or more official acts, to induce a fraud on the United States, or to induce the violation of an official duty. The government can show a course of conduct of money flowing to a public official in exchange for performing or agreeing to perform an official act(s), defraud the United States, or violate an official duty. The money constitutes a bribe in that case so long as the essential intent—a specific intent to give or receive something of value in exchange for an official act, to defraud the United States, or to violate an official duty—exists.

**PROOF OF SUCCESS NOT REQUIRED**

It is not necessary that the public official actually make a decision or took an action. It is enough that he agrees to do so and, at the time, intended to be influenced or induced to make the decision or take the act. The public official need not specify the means he will use to perform his end of the bargain. In addition, it is not a defense to the crime of bribery that the Defendant would have performed an official act without the payment of a bribe.

**EXCHANGE NEED NOT BE EXPRESS**

As discussed previously, the Defendant's intent to engage in the exchange of a bribe for an official act need not be express. Otherwise, the law's effect could be frustrated by knowing winks and nods. Rather, the Government can prove the Defendant's intent by circumstantial evidence, based on his words, conduct, acts, and all the surrounding circumstances and the rational or logical inferences that may be drawn from them.

**GOODWILL INSTRUCTION**

Individuals may lawfully give a gratuity or gift to a public official to foster goodwill. To prove that a gift is a bribe, rather than a lawful act of goodwill, the government must demonstrate that the gift is coupled with a particular criminal intent or *quid pro quo*. You may refer to the instructions laying out the elements of bribery to make this determination.

A gift to an official to foster a favorable business climate does not constitute a bribe. It is not enough for the government to prove that the gift was given with the generalized hope or expectation of ultimate benefit on the part of the gift giver. Vague expectations of some future benefit are not sufficient to make a gift of goodwill a bribe.

## MIXED MOTIVE NOT A DEFENSE

It is not a defense to the crime of bribery that the Defendant demanded, sought, received, accepted, and agreed to receive and accept anything of value for some purpose in addition to influencing the Defendant's official act. This is so because people rarely act for a single purpose. If you find beyond a reasonable doubt that the Defendant acted with the corrupt intent to exchange an official act(s), a fraud on the United States, or violation of an official duty for a thing of value, then it makes no difference that the Defendant may also have had additional motives—such as friendship or goodwill.

**OTHER CRIMES EVIDENCE**

You have heard evidence regarding Mr. White's alleged receipt of a bribe from Mr. Kamara in 2019. It is up to you to decide whether to accept that evidence.

First, if you find by a preponderance (meaning it was more likely than not) that Mr. White received a bribe from Mr. Kamara in 2019, you may use this evidence only for the following purposes: (1) establishing Mr. White's relationship and prior dealings with Mr. Kamara; (2) determining Mr. White's intent; (3) determining whether Mr. White acted by mistake or accident; (4) determining the purpose of Mr. Kamara's payments to Mr. White; and (5) determining Mr. White's opportunity and capacity to commit bribery.

You may not use this evidence for any other purpose. Mr. White is only on trial for the crime charged. He is not charged in this case with any offense relating to the alleged 2019 bribe, and you may not use this evidence to conclude that Mr. White has a bad character, or that Mr. White has a criminal personality. The law does not allow you to convict him simply because you believe he may have done bad things not specifically charged as crimes in this case.

**LIMITING INSTRUCTION REGARDING CERTAIN EVIDENCE**

You have heard testimony about bribery schemes involving contracting in the area of mental health services, public housing, and schools. The Defendant is not charged with any of those schemes. It is up to you to decide whether to accept that evidence.

Mr. White is only on trial for the crime charged. He is not charged in this case with any offense relating to bribery schemes involving contracting in the areas of mental health services, public housing, and schools, and you may not use this evidence to conclude that Mr. White has a bad character, or that Mr. White has a criminal personality. The law does not allow you to convict him simply because you believe he may have done bad things not specifically charged.

**CHARACTER OF THE DEFENDANT**

Mr. White has introduced testimony that that he has a reputation for honesty in Ward 8 and that in the opinion of those witnesses he is honest. Such evidence may indicate to you that it is unlikely that an honest person would commit the crime charged, or it may not. You may consider this evidence along with other evidence in the case, including evidence that contradicts the witnesses' testimony about Mr. White's character, and you must give all this evidence as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Mr. White is guilty of the crime charged, it is your duty to find him guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to Mr. White's guilt.

**CROSS-EXAMINATION OF CHARACTER WITNESS**

Wanda Lockridge, who was a character witness for Mr. White, was questioned regarding prior acts of Mr. White. These questions were permitted only to test the basis for and reliability of her testimony. They do not establish that those events took place or that Mr. White committed the offense charged in this case or that he is a person of bad character.

**UNANIMITY--GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on Count One must be unanimous as to all elements of the offense.

In this case, the Government has alleged that Mr. White engaged in a scheme to commit bribery. You must all agree unanimously on the overall scheme. The Government has alleged that Mr. White accepted payments as part of this scheme on four occasions. You must unanimously agree that Mr. White accepted payment in furtherance of the alleged bribery scheme on one of those four occasions. It is not enough to find that he merely accepted a payment that was not a part of the bribery scheme. However, you only need to agree on a single occasion, even if you disagree or find he did not accept a payment in furtherance of the alleged bribery scheme on any of the other occasions. In other words, it is not enough to convict Mr. White if some of you agree that he accepted a payment in furtherance of the alleged bribery scheme on one occasion and others believe he accepted a payment in furtherance of the alleged bribery scheme on another occasion, if you do not all agree that he accepted a payment in furtherance of the alleged bribery scheme on the same occasion. However, you only need to agree on

a single occasion, even if you disagree or find that he did not accept a payment in furtherance of the alleged bribery scheme on any other occasion.

**VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH**

I would like to remind you that in this case, there have been reports in the newspaper or on the radio, internet, or television. Because there has been such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**REDACTED EXHIBITS**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

**EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**EXCUSING ALTERNATE JURORS**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats one and five.

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

**DELIVERING THE VERDICT**

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note. Do not tell me what your verdict is. The foreperson should fill out and sign the verdict form that will be provided. I will then call you into the courtroom and ask your foreperson to read your verdict in open court. Thank you. You many now retire to begin your deliberations.